MONOMOY CO. v. CITY OF NEW YORK.

KNOEPFEL v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. WATERS AND WATER COURSES (§ 209*)—MUNICIPAL WATER SUPPLY—BREAK-
    AGE OF WATER MAINS—NEGLIGENCE.
       A finding that the failure of a city to send a man to shut off the flow
    of water from a broken water main for over an hour after notice of the
    break, causing injury to property of an individual, was negligence, is not
    erroneous as a matter of law.
       [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
    § 300;  Dec. Dig. § 209.*]

2. WATERS AND WATER COURSES (§ 208*)—MUNICIPAL WATER SUPPLY—BREAK-
    AGE OF WATER MAINS—NEGLIGENCE.
       A city negligently failing to shut off the flow of water in a broken
    water main is liable only for the damages resulting therefrom, and, where
    property was flooded and damaged before the city could possibly have
    been expected to shut off the water, it was not liable for a negligent fail-
    ure to shut off the water, especially where the owner was negligent in
    allowing the property to remain where the water would spoil it.
       [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
    § 300;  Dec. Dig. § 208.*]

3. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—DISPOSITION OF CASE ON
    APPEAL.
       The Appellate Term on appeal from a judgment of the Municipal Court
    of the city of New York may not sustain the judgment by making new
    findings of fact, except on issues expressly admitted or not disputed.
       [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Actions by the Monomoy Company and by Augusta Knoepfel, ad-
ministratrix of Anabel Lyons, deceased, against the City of New
York.   From judgments of the Municipal Court for plaintiff in each
action, defendant appeals.   Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Archibald R. Watson, Corp. Counsel (Theodore Connoly and Loyal
Leale, of counsel), for appellant.

Phillips, Mahoney & Wagner (Vincent L. Leivell, of counsel), for
respondents.

.LEHMAN, J.   The plaintiffs in these actions have recovered dam-
ages for injuries to their property caused by the bursting of a water
main.   The complaints allege that the breaking of the said main was
due to the defendant's negligence in failing to maintain the same in
safe condition and to make proper examination and repairs;  that,
although immediately notified of said break, defendant permitted the
water to flow therefrom for many hours.   The trial justice held that
the defendant was not negligent in maintaining, examining, or re-
pairing the water main, but was negligent in not shutting off the wa-
ter quicker.

[1] While reasonable men may differ as to the degree of speed which may reasonably be required of a municipality in acting after it has received notice of an emergency, the finding that the city has been guilty of negligence in failing to send a man to shut off the flow of water for over an hour after it had notice of the emergency was certainly not erroneous as a matter of law.

[2] The city is, however, responsible only for the result of its negligence, and the plaintiffs have failed to show that the damages to their goods were the result of the delay in shutting off the water. It appears that these goods were left in a basement storeroom which became flooded with water, but it is fairly inferable that practically the entire damage was done to these goods before the city could possibly have been expected to shut off the water. Certainly, if any material injury came to the goods through the continuation of the flow thereafter, the plaintiffs were at least as negligent in allowing their goods to remain where the water would spoil them as the city was in failing to send a man to shut off the water.

[3] The plaintiffs claim that the judgment should nevertheless be affirmed because the trial justice should upon the evidence have found that the city was negligent in maintaining the main. I do not think that we should consider this question upon this appeal. It can be litigated upon a new trial, but we cannot well sustain a judgment by making new findings of fact, except upon issues that are expressly admitted or not disputed.

The judgment in each case should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.